GLENN L. HENRY, Corporation Counsel, Dane County
You have requested my opinion on the following question:
If the governing bodies of a majority of the local units in a single county regional planning commission's region, having in the aggregate at least half the population of the region, approve a resolution providing that the membership composition of the regional planning commission, in part, shall consist of five members of the county board, one each from established areas comprised of combinations of supervisory districts, do the local units have the authority, under sec. 66.945 (3) (b), Wis. Stats., or elsewhere, to *Page 198 
require that such a member of the commission be appointed by the members of the county board from the supervisory districts comprising the area from which the member must be selected or must such appointments be made by the county executive pursuant to sec. 59.032 (2) (c), Stats.?
The membership composition of regional planning commissions is regulated by the provisions of sec. 66.945 (3), Stats. Subsection (3) (b) provides in part as follows:
"(b) For any region which does not include a city of the first class, the membership composition of a regional planning commission shall be in accordance with resolutions approved by the governing bodies of a majority of the local units in the region, and these units shall have in the aggregate at least half the population of the region. . . ."
The remaining provisions of subsec. (3) establish specific membership compositions for commissions containing a city of the first class and for commissions where the local governmental units have failed to adopt resolutions under the authority contained in sec. 66.945 (3) (b), Stats. In these instances the statute specifically requires that members on the commission be appointed by the county board.
Section 59.032 (2) (c), Stats., provides:
"(2) DUTIES AND POWERS. The duties and powers of the county executive shall be, without restriction because of enumeration, to:
"* * *
"(c) Appoint the members of all boards and commissions where the law provides that such appointment shall be made by the county board or the chairman of the county board. All appointments to boards and commissions by the county executive shall be subject to the confirmation of the county board."
Section 59.033 (2) (c), Stats., grants a similar power of appointment to county administrators.
Section 66.945 (3) (b), Stats., does not specifically state that appointments to a regional plan commission, under resolutions *Page 199 
adopted pursuant to that subsection, must be made by the governing bodies of the participating governmental units. However, when all the provisions of subsec. (3) are read together, such appears to be the most natural conclusion. Furthermore, where the legislature grants a power of appointment to a governmental entity without specifically indicating the agency which is to exercise such power, the legislature is presumed to have intended that the governing body would exercise the power. As stated in 3 McQuillin, Municipal Corporations (3d ed. rev.), p. 325, sec. 12.74:
". . . the general rule is often applied to appointments that `whenever a power is conferred upon a municipal corporation by the legislature, and no officer or person is expressly authorized to exercise such power, the common council of the municipality is the only authority which can exercise it. It is the general agent of the municipality.'"
Finally, in regard to the delegation of the power of appointment, I point out that, 3 McQuillin, MunicipalCorporations (3d ed. rev.), p. 317, sec. 12.72 states:
"The rule that delegation or surrender of powers conferred on officers or departments is forbidden applies to the election or appointment of municipal officers and subordinates. . . ."
It was this general rule which formed the basis for the opinion reported in 15 OAG 461 (1926), which held that the power to appoint a county treasurer to fill a vacancy cannot be delegated by a county board to a committee composed of its own members. It was there stated, at pp. 464-465:
"It is clear that the appointment of a county treasurer involves discretion on the part of the appointing body, and is not a mere ministerial act. Consequently, the power is one which cannot be delegated to a committee. The county board is chosen by the people to represent the county and is charged with a public trust and with the faithful performance of its duties. The public is entitled to the judgment and discretion of each member of the county board in all matters where such elements enter into transactions on behalf of the county."
Although sec. 66.945 (3) (b), Stats., allows local governmental units significant latitude in determining the "membership composition" *Page 200 
of the regional planning commissions of which they may be part, I find nothing in the statute which expressly or impliedly authorizes the governing bodies of such local governments to confer their power of appointment on some other public body or person.
In light of the foregoing, it is my opinion that appointments to a regional plan commission on behalf of a county, under sec. 66.945 (3) (b), Stats., must be made by the county board, unless the county has a county executive or a county administrator. If the county has a county executive or administrator, such appointments are made by that county officer, under the authority set forth in either sec. 59.032 (2) (c) or sec. 59.033 (2) (c), Stats.
RWW:JCM